```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


PHILIPPE WILLIAMS,                §
TDCJ-CID #900030,                 §
                                  §
          Plaintiff,              §
                                  §
v.                                §     CIVIL ACTION NO. H-04-4248
                                  §
MARY HEINSOHN and MARTHA D.       §
BLACKBURN,                        §
                                  §
          Defendants.             §
```

**MEMORANDUM OPINION AND ORDER**

Philippe Williams has filed a section 1983 civil rights complaint against Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) employees, Mary Heinsohn and Martha Blackburn, alleging a violation of his rights under the First Amendment. The defendants have filed a motion for summary judgment. (Docket Entry No. 12) Williams has not filed a response. After reviewing the pleadings and the records, the court finds that the motion should be granted, and this action should be dismissed.

### I.   Claims and Allegations

Williams is assigned to the TDCJ-CID Estelle Unit, which is where the complained of incident occurred. He asserts that he is a Shiite Muslim and claims that he was denied the right to receive religious literature. Williams alleges that he ordered a book from

Ansariyan Publications of Iran while he was incarcerated in the TDCJ-CID Estelle Unit.  However, when the package arrived on November 3, 2003, a unit mail room employee told him that he could not have the book because the mailing address could not be verified.  Williams pointed out that the address was on the cover of the mailing package.  The mail clerk allegedly responded that Heinsohn and Blackburn had instructed her not to allow inmates to receive packages from Ansariyan Publications.  Williams then filed administrative grievances challenging the denial claiming that he had previously received publications from Ansariyan without incident.  The grievances were rejected, and the staff later confiscated publications that Williams had previously received from Ansariyan.

Williams contends that the defendant officials' denial of his right to receive these publications violated his rights under the First Amendment because the denial is not related to a legitimate penological objective.  Williams alleges that the literature does not advocate or incite violence.  He further complains that the deprivation violates his rights under the Fourteenth Amendment because Sunni Muslims are allowed to receive Islamic publications from South Africa.  Williams seeks both damages and injunctive relief.  He also seeks an order prohibiting the defendants or any persons associated with them from retaliating against him for filing this action.

## II. Defendants' Arguments and Supporting Evidence

In their Motion for Summary Judgment (Docket Entry No. 12) the defendants contend that Williams is not entitled to relief because there is no evidence linking them to liability in their individual capacities. They also argue that Williams is barred from seeking injunctive relief and challenging the TDCJ-CID policy regarding incoming mail. In support of their argument they present the following records attached to their motion:

Exhibit A:   Affidavit of Rosemary Heinsohn

Exhibit B:   Affidavit of Martha Blackburn

Exhibit C:   Relevant TDCJ Correspondence Rules

Both affidavits (Exhibits A and B) indicate that the defendants could not have been personally involved in the alleged deprivation. Heinsohn's affidavit establishes that she retired from the TDCJ-CID in February of 2003. Blackburn states in her affidavit that she is the Mail Room Supervisor for the Estelle Unit. Although she admits that she is now aware that Williams was denied the package as he has claimed, she states that she was not personally involved in the denial. She specifically states that she did not make the determination that Ansariyan Publications was not a verified sender and that she was not involved in the decision process that resulted in the denial of the package. Exhibit B at 2.

The defendants contend that Williams may not challenge the TDCJ-CID Correspondence Rules (Exhibit C) in this suit because they

were adopted pursuant to a consent decree entered in <u>Guajardo v. Estelle</u>, 568 F.Supp. 1354 (S.D. Tex. 1983), a class action suit brought by Texas prison inmates. Rule 3.91(1)(D) of the Correspondence Rules require that prisoners receive publications only from publishers or publication suppliers, including bookstores. Exhibit C at 6. To assure compliance with this requirement, the TDCJ-CID Mail System Coordination Panel maintains a file of confirmed providers with addresses. Exhibit B at 1. At the time at issue in this case Ansariyan Publications was not on the list of verified senders. <u>Id.</u> at 2. Consequently, Williams could not receive the package in question. <u>Id.</u> Since then the Ansariyan Publications address has been verified, and prisoners, including Williams, are now allowed to receive correspondence from that company. <u>Id.</u>

### III. <u>Summary Judgment Standards</u>

In deciding a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2552 (1986); <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); <u>Bozé v. Branstetter</u>, 912 F.2d 801, 804 (5th Cir. 1990). The party moving for summary judgment has the initial burden of demonstrating the absence of a material

-4-

fact issue. Rushing v. Kansas City Southern Ry. Co., 185 F.3d 496, 504 (5th Cir. 1999). The movant must meet this burden by presenting evidence in the record that shows that the nonmovant cannot carry its burden of proof at trial. Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998). Once the movant has met this burden, the non-movant must present specific facts showing that there is a genuine issue for trial. Id. All evidence must be construed "in the light most favorable to the nonmoving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." Rodriguez v. Time Warner Operation, Inc., 98 F.3d 179, 181 (5th Cir. 1996). However, the nonmovant must point to some evidence, and he cannot rely on conclusory allegations or unsubstantiated assertions to establish a triable issue. Wallace v. Texas Tech University, 80 F.3d 1042, 1047 (5th Cir. 1996). As noted above, Williams has not responded to the defendants' motion.

## IV. Analysis

**A. Individual Capacity Claims Against the Defendants**

To prevail in a § 1983 action against government officials the plaintiff must identify individuals who were "either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." Anderson v. Pasadena Independent School Dist., 184 F.3d 439, 443 (5th Cir. 1999). Merely pointing out officials with no direct connection to the incident in question, other than having supervisory authority

over subordinates who may have been involved, does not suffice. Id. See also Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); Barksdale v. King, 699 F.2d 744 (5th Cir. 1983).

It is undisputed that Heinsohn retired from the prison system in February of 2003, approximately nine months before the determination about the package, which occurred on November 3, 2003. Therefore, she could not have participated in the alleged denial. Moreover, there is no evidence to indicate that Heinsohn was involved in the policy decisions regarding Ansariyan Publications. Absent a showing of Heinsohn's personal involvement in the incident, she cannot be held individually liable for the alleged deprivation. Thompson, 709 F.2d at 382.

The evidence also shows that Blackburn did not directly participate in the events that prevented Williams from receiving his package. Although Blackburn was the Mail Room Supervisor at the unit where Williams was assigned and where the package was delivered, she had no knowledge of the incident in question at the time it occurred, and she had made no prior determination regarding the sender's status. Blackburn's only personal connection to the alleged deprivation was her position as supervisor, which is insufficient to hold her personally liable. See Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996) ("There is no respondeat

superior liability under section 1983."). Consequently, the evidence demonstrates that there is no genuine issue regarding claims against the defendants in their individual capacities and that they are entitled to summary judgment as a matter of law with regard to those claims.

**B.    Official Capacity Claims**

As a general principle, prison inmates have a limited right to receive publications from outside organizations. However, prison authorities may withhold such publications if they perceive them to be a threat to institutional order and security. See Chriceol v. Phillips, 169 F.3d 313, 315 (5th Cir. 1999). As previously noted, the Texas prison system is subject to mail regulations that require that inmates receive publications only from verified publishers or publication suppliers. At the time of the incident in question, Ansariyan Publications had not been verified. Since then Ansariyan Publications has been cleared as a legitimate publisher, and inmates are now able to receive packages from that company. Consequently, the harm that Williams complains of no longer exists, and his claim for equitable relief is moot. Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002).

A suit against TDCJ-CID officials, such as Heinsohn and Blackburn, is treated as a suit against the State of Texas. See Hafer v. Melo, 112 S.Ct. 358, 361 (1991). To the extent that Williams seeks monetary damages from the defendants in their

official capacities, such claims are barred by the Eleventh Amendment. <u>Hafer v. Melo</u>, 112 S.Ct. 363 (1991); <u>Delahoussaye v. City of New Iberia</u>, 937 F.2d 144, 146 (5th Cir. 1991).

Because the defendants have shown that Williams has no cause of action, they are entitled to summary judgment under FED. R. CIV. P. 56.

## V.  Conclusion and Order

The court **ORDERS** the following:

1. The Defendants' Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**.

2. This action will be dismissed with prejudice under FED. R. CIV. P. 56(c).

**SIGNED** at Houston, Texas, on this 13th day of October, 2005.

                                                              _____
                                                              SIM LAKE
                                                              UNITED STATES DISTRICT JUDGE